United States Bankruptcy Court
Northern District of Illinois
Eastern Division

| | |
|---|---|
| In re:<br><br>DAVID J. HEYER and ELLEN J. HEYER,<br><br>Debtors. | Chapter 7<br><br>Bankruptcy No. 17 BK 04889<br><br>Honorable Judge Jack B. Schmetterer |
| DAVID J. HEYER and ELLEN J. HEYER,<br><br>Plaintiffs<br><br>v.<br><br>FNBC BANK & TRUST, INC. f/k/a FIRST NATIONAL BANK OF LAGRANGE and ADAM B. ROME, an individual,<br><br>Defendants. | Adversary No. 17 AP 00406 |

**OPINION ON DEFENDANTS' MOTION TO DISMISS DEBTORS' COMPLAINT [DKT. NO. 4]**

Defendants FNBC Bank & Trust, Inc. f/k/a First National Bank of LaGrange ("FNBC") and Adam B. Rome ("Rome" or collectively "Defendants") move to dismiss Plaintiffs David J. Heyer and Ellen J. Heyer's ("Debtors," "Plaintiffs," or "Heyers") Adversary Complaint ("Adversary Complaint" or "Complaint") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure.

In their Motion to Dismiss Debtors' Complaint, and the accompanying Defendants' Memorandum of Law in Support of its Motion to Dismiss Debtors' Complaint, Defendants principally argue that the Plaintiffs' Adversary Complaint must be dismissed because the Heyers lack standing to pursue the claims that they have asserted, because those claims belong solely to the Chapter 7 trustee. Defendants also argue that Plaintiffs have failed to state any claim upon which relief may be granted.

1

Defendants have cited binding 7th Circuit authority that supports their position that only the Chapter 7 trustee may pursue the claims that Plaintiffs have pleaded in their adversary complaint, so the Adversary Complaint must be dismissed on that ground. Each Count will also be dismissed for failure to state a claim. For those reasons, as more detailed below, Defendants' Motion to Dismiss is granted.

A separate order granting Defendants' motion is entered this date.

## BACKGROUND

Co-Debtors David Heyer and Ellen Heyer filed their Chapter 11 bankruptcy petition on February 21, 2017. The claim which Debtors now argue is fraudulent is based upon money loaned to the Debtors, both personally and to two businesses which the Debtors owned or managed, in 2013. On February 28, 2013, Debtors executed four notes with the First National Bank of LaGrange, the predecessor in interest to FNBC. Those notes, attached to Defendants' Amended Proof of Claim No. 6 show that Debtors owned or managed two businesses: Hycon Corp., in which David Heyer served as president of the company, and Burlington Building, LLC, in which Ellen Heyer served as a managing member.

On the first note, David Heyer, both individually and as president of Hycon Corp., borrowed $1,347,140.86 at a rate of 4.5% interest. On the second note, Ellen Heyer and David Heyer, both as individuals, borrowed $492,500.00 at a rate of 4.5% interest. On the third note, Ellen Heyer, both individually and as a managing member of Burlington Building, LLC, and David Heyer, individually, borrowed $429,716.55 at a rate of 5.0% interest. On the fourth note, David Heyer both individually and as president of Hycon Corp., and Ellen Heyer, both individually and as a managing member of Burlington Building, LLC, borrowed $115,486.67 at a rate of 4.25% interest. Each of the notes indicates that the Debtors will be liable for attorney's fees that are incurred as a result of any actions required to collect on them.

On February 26, 2016, FNBC, represented by its co-defendant in the adversary, Rome, filed a complaint in the Circuit Court of Cook County for forcible entry and detainer as to the Property under the case number 2016 MI 703690. In that complaint, Defendants sought only an order of possession from the court, not any monetary relief. The Circuit Court indicated in a September 21, 2016 order that an order of possession would be entered in favor of FNBC on November 15, 2016.

On November 13, 2016, Plaintiffs filed their petition for Chapter 13 bankruptcy relief, a case assigned to Judge Hollis. On November 23, 2016 Defendants filed a motion to modify the automatic stay, and on November 30, 2016, Judge Hollis granted that motion, allowing FNBC to seek only the order of possession in the Circuit Court of Cook County. On January 12, 2017, the Circuit Court entered an order of possession in favor of Defendants which was stayed through January 26, 2017. On January 13, 2017, Defendants filed an Objection to Confirmation of Plaintiffs' Chapter 13 plan, seeking money owed on the notes and filing a proof of claim in the amount of $1,778,247.90 and $112,034.65 in attorney's fees. Debtors allege that because FNBC fraudulently filed this large proof of claim, their Chapter 13 plan was denied confirmation. Debtors' Chapter 13 case was dismissed on Trustee's Motion for Unreasonable Delay on February 13, 2017. The Debtors did not vacate the Property until May of 2017 when they were evicted from the premises.

Debtors filed their pending case under Chapter 11 on February 21, 2017. On April 18, 2017 FNBC filed its Claim No. 6 for $1,808,126.94. On July 6, 2017, the United States Trustee for the Northern District of Illinois filed a Motion to Convert or Dismiss Debtors' Chapter 11 case. On August 7, 2017, this Court entered an order converting Debtors' Chapter 11 case to one under Chapter 7. The case now pends in Chapter 7.

Also on August 7, 2017, Debtor filed the underlying, five count adversary complaint. Count I alleges that the sworn Proof of Claim filed by Rome on behalf of FNBC is, "false, fraudulent and is not a valid debt of either Debtor." Count II alleges

3

that Defendants violated Federal Rule of Bankruptcy Procedure 2016 by filing a proof of claim with the Court that had no supporting documentation, specifically alleging that Defendants failed to document or itemize the purported attorney's fees. Count III alleges that Plaintiffs were subjected to intentional infliction of emotional distress due to Defendants' conduct. Count IV alleges that Defendants "had an implicit, covert agreement to defraud Plaintiffs" with the filing of the allegedly fraudulent Claim No. 6 of FNBC. Count V alleges common law fraud due to Defendants' alleged knowing and intentional misrepresentation of material facts related to the filing of Claim No. 6.

Defendants filed the instant 12(b)(6) Motion to Dismiss and their Memorandum of Law in Support of their Motion to Dismiss on August 30, 2017. The Defendants first argue that the Plaintiffs' complaint must be dismissed because, pursuant to 7th Circuit precedent, only the Chapter 7 Trustee has the standing to defend claims against the estate.

Alternatively, Defendants argue that Plaintiffs have not sufficiently alleged that FNBC's proof of claim is false, addressing each of the Plaintiffs' counts separately.

In response to Count I, Defendants argue that Plaintiffs failed to state any reason why FNBC's proof of claim should be considered false. Specifically, the Defendants argue that Plaintiffs have not alleged that the notes upon which the claim is based are false and that FNBC did not waive its right to file a claim simply because it sought an order of possession from a state court.

In response to Count II, Defendants argue that Federal Rule of Bankruptcy Procedure 2016(A) does not apply to FNBC's claim primarily because no private cause of action arises under Rule 2016(A).

In response to Count III, Defendants argue that the Plaintiffs have not met the standard for intentional infliction of emotional distress. Debtors in Illinois cannot make that claim simply because they are "annoyed or embarrassed by a creditor's attempt to collect" from them.

4

In response to Count IV, Defendants argue that the Plaintiffs have failed to allege any plausible conspiracy in which FNBC and Rome participated, specifically because there has been no detailed pleading showing that anything in the proof of claim is false.

In response to Count V, Defendants argue that Plaintiffs have not asserted and supported by detail showing that any part of the proof of claim is false, and thus, there is no basis for common law fraud.

On October 12, 2017, Plaintiffs filed their Response in Opposition to Defendant's Motion to Dismiss. Plaintiffs argue that because there is a possibility of the Debtors in this case being paid if the $1.8 million claim of FNBC is disallowed, they have a pecuniary interest in this case that grants them standing pursuant to 11 U.S.C. § 502. Plaintiffs further argue that they did not make any assertion that Defendants waived the proof of claim, rendering that entire portion of Defendants' arguments nonresponsive. Rather, Debtors argue, the order of possession entered by the Circuit Court of Cook County which indicates that FNBC was not awarded any money damages, but rather possession only, precludes Defendants from filing a claim. Because Defendants chose not to pursue any monetary judgment in state court, Plaintiffs argue, they are barred from asking a bankruptcy court to determine this issue as only the Supreme Court has jurisdiction to review state court decisions. Debtors next argue that even though Defendants have received possession of the property, there has been no offset in the amount that Defendants have claimed. Further, Plaintiffs argue that any amount of attorney's fees claimed by Defendants must conform with Federal Rule of Bankruptcy Procedure 2016. Debtors include two paragraphs on judicial estoppel and res judicata, although they do not clearly explain how these doctrines apply in this case. It appears that Plaintiffs are reiterating their earlier argument that because Defendants had the opportunity to pursue money judgments in state court, that they are now precluded from seeking money from the Plaintiffs in bankruptcy court by filing a claim. Finally, Plaintiffs argue that the claim should be disallowed because there is no state

5

court deficiency judgment, and any money paid to Defendants now that they have taken possession of the property would unjustly enrich FNBC.

On October 26, 2017, Defendants filed their Reply in Support of the Motion to Dismiss. First, the Defendants reiterate that the Debtors do not have standing to prosecute the claims in their complaint because any legal claims belonging to the estate are solely in the Chapter 7 Trustee's purview, and that Debtors have not cited any authority to the contrary. Defendants also assert that Plaintiffs still have not pleaded facts showing that the proof of claim filed by FNBC is false.

Defendants also argue that Plaintiffs have not denied the authenticity of the executed notes, or offered any defense to them. Defendants argue that not only have they not waived their rights to collect on the notes by seeking a state court order of possession, but the Plaintiffs' alternative argument that the entry of the state court order granting possession and no related money judgment is merely the same argument, repackaged. The Defendants assert that a creditor has an absolute right to file a proof of claim even if it seeks a state court remedy as well. Defendants further argue that there was no need or right to seek a money judgment in state court, in part because they were forbidden from doing so due to the automatic bankruptcy stay, but also because a plaintiff in an Illinois eviction case is prohibited from seeking monetary damages in a forcible entry and detainer case. 735 ILCS 5/9-106.

Furthermore, Defendants assert that Plaintiffs' invocation of the *Rooker-Feldman* Supreme Court doctrine is inappropriate because it only applies to judgments against state court losers seeking review by federal courts. As FNBC was the winner of the state court action, the Defendants argue that the *Rooker-Feldman* doctrine is inapplicable. Additionally, Defendants argue that res judicata is inapplicable in this case because Illinois courts have held that the only question involved in eviction cases is the right to possession. *Gurga v. Roth*, 2011 IL App (2d) 100444, ¶ 11. Thus, any litigation involving damages is not barred by a decision for possession in a case involving forcible entry and

6

detainer. Likewise, the Defendants argue, judicial estoppel has no bearing on this case because FNBC could not have sought damages in state court pursuant to Illinois law, and thus, did not take an inconsistent position in the bankruptcy case by filing a claim.

Additionally, Defendants argue that even if the Heyers had a defense to enforcement of the notes, the Supreme Court in *Midland Funding, LLC v. Johnson*, 137 S. Ct., 1407, 1412 (2017), has held that even unenforceable claims are still claims, and that while such claims may be disallowed, there is no liability for a creditor who files such a "false" proof of claim.

With regards to the asserted violation of Rule 2016 of the Federal Rules of Bankruptcy Procedure, Defendants again argue primarily that there is no private right of action under Rule 2016. As to the Plaintiffs' claim for intentional infliction of emotional distress, Defendants reiterate their argument that, pursuant to Illinois authority, a debtor may not sue a creditor simply because they are annoyed or embarrassed by the filing of a proof of claim. Such behavior is not itself extreme or outrageous under Illinois law.

Finally, Defendants assert, as to Counts IV and V, that because no plausible basis has been alleged for concluding that FNBC's proof of claim is "false," both the conspiracy and common law fraud claims pleaded in the adversary proceeding must be dismissed.

Each of these issues will be discussed separately below.

## JURISDICTION AND VENUE

Subject matter jurisdiction lies under 28 U.S.C. § 1334. The district court may refer bankruptcy proceedings to a bankruptcy judge under 28 U.S.C. § 157, and this proceeding was thereby referred here by Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue lies under 28 U.S.C. § 1409. This is a core proceeding pursuant to 28 U.S.C. 157(b)(2)(A) and (B).

## DISCUSSION

### A. Plaintiffs Lack Standing to Pursue this Claim

The most obvious reason that the entirety of the Plaintiffs' adversary complaint must be dismissed is because, as Defendants have correctly argued, the Plaintiffs lack standing to pursue the claims against FNBC in this case. A 7th Circuit panel held in *Lightspeed Media Corp. v. Smith* that, "*only* the trustee has standing to prosecute or defend a claim belonging to the estate," in Chapter 7 cases. 830 F.3d 500, 505 (7th Cir. 2016). Thus, when there is a Chapter 7 Trustee, (as there is in the case here due to earlier conversion to Chapter 7) "the trustee has, with immaterial exceptions, the exclusive right to represent the debtor in court." *Matter of New Era, Inc.* 135 F.3d 1206, 1209 (7th Cir. 1998).

Plaintiffs have not offered a substantive answer to the issue of their standing. In fact, the Plaintiffs' own response cites *In re Olsen* which clearly establishes that insolvent debtors are not "parties in interest" within the meaning of 11 U.S.C. § 502(a), the provision that allows parties in interest to object to proofs of claim. 123 B.R. 313 (Bankr. N.D. Ill. 1991).

Plaintiffs are correct that in *Stinnett v. Laplante (In re Stinnett)*, the United States Court of Appeals for the 7th Circuit held that debtors who show a reasonable possibility of a surplus after the satisfaction of all debts have standing to object to bankruptcy orders. 466 F.3d 309, 315 (7th Cir. 2006). However, the Plaintiffs in this case have not shown that they have the necessary pecuniary interest as outlined by that opinion. *Stinnett* clearly held that unless a debtor can show that all creditors will be paid 100% of their claims, and that a surplus will be available to the debtor after satisfaction of those claims, a Chapter 7 debtor lacks standing to oppose filed claims on his or her own behalf. *Id.* The Plaintiffs have made no such showing in this case.

Plaintiffs rely on the argument that if FNBC's entire $1.8 million claim were disallowed, and if the claim is deemed fraudulent, then not only will the majority of the

8

estate's debt be eliminated, but the estate may also recover between $500,000.00 and $1 million in damages based upon that supposed falsely filed proof of claim. This argument is not a credible showing that Debtors have a pecuniary interest in the estate, such as the kind *Stinnett* prescribes. There is an extremely remote possibility, based upon a weak argument, that FNBC's proof of claim gives rise to damages, an issue discussed below.

It is often the case that a debtor's estate would be meaningfully benefitted if one particular claim is disallowed. It is conceivable, based upon standards articulated in *Stinnett* that a Chapter 7 debtor may be economically harmed in such a way as to impart standing. This is not the case here, however, as FNBC has merely filed a claim based upon executed notes that Debtors have not refuted, and the Debtors have not shown that they are the victims of a unique economic harm as a result of those claims.

Furthermore, Plaintiffs argument that a Chapter 7 Trustee has discretion to abandon an interest in estate property is irrelevant. 11 U.S.C. § 704. First, the Plaintiffs have not shown that Trustee in this case has abandoned any estate property, making the Plaintiffs' argument purely hypothetical.

Plaintiffs have not made a showing that they have a pecuniary interest that would allow them to have standing as a party in interest pursuant to 11 U.S.C. § 502(a). Thus, Plaintiffs have provided no plausible justification for ignoring the 7th Circuit's holding in *Lightspeed* that only a Chapter 7 Trustee may prosecute or defend claims against the estate. If the claims by Plaintiffs are to be pursued at all, it must be by the Chapter 7 Trustee.

Therefore, Defendants' Motion to Dismiss is granted by separate order, and Plaintiffs' adversary complaint is dismissed for lack of Plaintiffs' standing.

**B. Plaintiffs Have Failed to State a Claim on Each Count of the Adversary Complaint**

Defendants' motions to dismiss under Rule 12(b)(6) also challenge the sufficiency of the complaint to state a claim upon which relief can be granted. See Fed. R. Bankr. P.

9

7012(b) (incorporating Fed. R. Civ. P. 12(b)(6)); *Hallihan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). To survive a Rule 12(b)(6) motion to dismiss, the complaint first must comply with Federal Rule of Civil Procedure 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2) (made applicable by Fed. R. Bankr. P. 7008), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Svcs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

Plaintiffs have not alleged sufficient factual allegations in this case that raise their possibility of relief beyond speculation. Federal Rule of Civil Procedure 8(a) requires only that the Plaintiffs plead enough details about the subject matter of a case to present a story that holds together, they have not managed to do even that. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403–05 (7th Cir. 2010). Thus, each of the Plaintiffs' individual Counts will also be dismissed pursuant to Defendants' 12(b)(6) Motion to Dismiss for failure to state a claim. Each Count will be discussed separately.

### Count I. Plaintiffs Have Not Alleged Sufficient Facts to Show That FNBC's Proof of Claim is False

In Count I of the Heyers' complaint, they allege that FNBC's proof of claim is false and fraudulent. While the Plaintiffs purport to support this allegation by pointing to particular expenses included within the claim, such as interest, late charges and appraisal fees, they do not, as Defendants argue allege any facts showing that the claim, which is based upon notes signed by both debtors, is false. As Defendants indicate, they have made a *prima facie* case for recovery by producing the executed promissory notes.

Unless the Heyers were to assert some defense as to execution of the notes, FNBC is entitled to payment. 810 ILCS 5/3-308(b).

Plaintiffs attempt to muddle this issue by asserting several arguments trying to show that FNBC is not entitled to payment on the notes. Defendants initially addressed what they believed to be Plaintiffs' argument that FNBC had waived its right to file a proof of claim by seeking an order of possession only in state court. Defendants cite several cases that held that nothing in the bankruptcy code bars creditors from seeking relief from the automatic stay to look after their collateral and subsequently file proofs of claim if deficiencies exist with regards to payment. *In re Home & Hearth Plano Parkway, L.P.*, 320 B.R. 596, 608 (Bankr. N.D. Tex. 2004); *In re Five Boroughs Mortg. Co., Inc.*, 708, 713 (Bankr. E.D.N.Y. 1995).

Plaintiffs, in response, argue that they did not assert that FNBC had waived its right to file a claim. Instead, Plaintiffs invoke the doctrines of judicial estoppel and *res judicata*. Plaintiffs' pleadings seem to indicate their position to be that because the state court order of possession included a zero dollar deficiency amount, it has been adjudged that no deficiency exists upon which Defendants may file a claim. However, as Defendants indicated in their Reply, Illinois law prevented them from seeking money damages in the state court eviction case resulting in the order of possession. Also, a creditor may not take, "any action to collect their debts," so long as the stay is in effect. *In re Radcliffe*, 563 F.3d 627, 630 (7th Cir. 2009). In the instant case, Defendants sought relief from the stay in order to secure possession of the property, but not to seek money damages in a forcible detainer and entry action. Moreover, as Defendants have explained, even if they had obtained the Court's permission to seek money damages in a state court action, they would not be able to do so in an Illinois eviction proceeding. The Illinois Supreme Court explicitly ruled in *Rosewood Corp. v. Transamerica Ins. Co.* that nothing in the Illinois Forcible Entry and Detainer Act allows a party to seek a claim for payments based on defaults. 57 Ill. 2d 247, 255-56 (1974). The Forcible Entry and

11

Detainer Act also explicitly bars such practice, stating that, "no matters not germane to the distinctive purpose of [an eviction] proceeding shall be introduced by joinder, counterclaim or otherwise." 735 ILCS 5/9-106.

Thus, Plaintiffs' argument that *res judicata* bars Defendants from filing in bankruptcy a proof of claim is meritless. In Illinois, *res judicata* consists of three elements: (1) a final judgment on the merits in a prior case from a court with jurisdiction, (2) the same causes of action between the two cases and, (3) the parties must be identical in both cases. *Gurga v. Roth*, 2011 IL App (2d) 100444, ¶ 11. In cases involving evictions, the only question resolved in a case is the right to possession of the property. *Id.* Thus, as Defendants have indicated, subsequent litigation regarding issues concerning title to the property or damages are not barred simply because of a prior eviction suit. *Id; see also Miller v. Daley*, 131 Ill. App. 3d 959, 960 (1985) (holding that a claim for damages was not barred by a prior action brought pursuant to Section 9-106). The issue of whether Defendants are entitled to collect on their notes was clearly not resolved on the merits by the eviction case. Thus, *res judicata* is wholly inapplicable in this case.

Likewise, Plaintiffs' alternative theory that judicial estoppel bars the Defendants from filing a proof of claim due to the prior state court eviction proceeding is also meritless. The 7th Circuit has held that in order to successfully invoke judicial estoppel, a there must be an inconsistency between a party's position in the current litigation and that same party's position in prior litigation. *In re Knight-Celotex, LLC*, 695 F.3d 714 (7th Cir. 2012). Defendants sought only possession in the state court action because, pursuant to Illinois law, they could not seek anything else in a forcible entry and detainer suit. Filing a claim for money owed on notes is not inconsistent with the Defendants' position in the prior litigation. The issue of possession of the Property and recovery of damages based upon the notes are not inconsistent. Thus, Defendants could

not have had inconsistent positions on those issues, rendering judicial estoppel inapplicable.

Finally, Plaintiffs invoke the *Rooker-Feldman* doctrine as a potential bar to Defendants' ability to file a proof of claim. However, as the Defendants indicate in their reply, the *Rooker-Feldman* doctrine is inapplicable in this case. In *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, the Supreme Court articulated that "the *Rooker-Feldman* doctrine . . . is confined to . . . cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." 544 U.S. 280, 284 (2005). As Defendants correctly argue, however, they are neither seeking review here of any state-court judgment, nor are they state-court losers given that the order of possession was entered in their favor. No adverse, state-court judgment has been entered against Defendants in this case; therefore, the *Rooker-Feldman* doctrine does not apply.

Plaintiffs have not alleged sufficient facts to raise the possibility of relief on Count I of their complaint beyond a speculative level. Their invocation of several irrelevant legal doctrines, and their purely hypothetical contemplation of receiving damages based upon FNBC's allegedly fraudulent proof of claim require that Count I of their complaint be dismissed.

### Count II. Plaintiffs Have Not Presented a Plausible Legal Claim Entitling Them to Recovery Under Federal Rule of Bankruptcy Procedure 2016(a)

Plaintiffs assert in Count II of their adversary complaint that they are entitled to relief due to Defendants' failure to itemize adequately the attorney's fees that are included as part of their claim pursuant to Rule 2016(a). Fed. R. Bankr. P. 2016(a). In relevant part, that rule states that:

> An entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate shall file an

13

> application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested. An application for compensation shall include a statement as to what payments have theretofore been made or promised to the applicant for services rendered or to be rendered in any capacity whatsoever in connection with the case, the source of the compensation so paid or promised, whether any compensation previously received has been shared and whether an agreement or understanding exists between the applicant and any other entity for the sharing of compensation received or to be received for services rendered in or in connection with the case, and the particulars of any sharing of compensation or agreement or understanding therefor, except that details of any agreement by the applicant for the sharing of compensation as a member or regular associate of a firm of lawyers or accountants shall not be required. The requirements of this subdivision shall apply to an application for compensation for services rendered by an attorney or accountant even though the application is filed by a creditor or other entity.

Fed. R. Bankr. P. 2016(a). Plaintiffs argue that by including money owed for attorney's fees in their proof of claim, Defendants have run afoul of Rule 2016 because they did not include the detailed statements described in the rule itself.

As Defendants indicate, nothing in the language of Rule 2016(a) creates a private right of action upon which a party may sue for damages. It has been held that Rule 2016 does not create a private right of action and that, "[i]f the Circuit could find no such right of action under a combination of another Code section and § 105, this Court cannot find a reason to believe the Circuit would conclude otherwise when only a Rule violation forms the linkage for the right of action." *In re Yancey*, 301 B.R. 861, 867 (Bankr. W.D. Tenn. 2003). The *Yancey* court also noted a distinct absence of Congressional intent to create a private right of action with regards to Rule 2016. *Id.* at 866. While Plaintiffs do correctly argue that the *Yancey* ruling is not binding precedent upon this Court, they merely chastise Defendants for not citing binding authority without providing any authority to the contrary and, in fact, decline to make any argument in their pleadings besides the lack of binding precedent.

14

Plaintiffs have not alleged sufficient facts to raise the possibility of relief on Count II of their complaint. Their assertion that under Rule 2016(a) a violation of results in a private right of action is incorrect. Therefore, Count II of their complaint will be dismissed as well.

**Count III. Plaintiffs Have Not Alleged Sufficient Facts to Conclude that FNBC's Proof of Claim was an Attempt Intentionally to Inflict Emotional Distress**

In Count III of their complaint, Plaintiffs argue that by filing an allegedly fraudulent Proof of Claim, Defendants intentionally inflicted emotional distress upon them. Intentional infliction of emotional distress is a tort governed by state law. In Illinois, intentional infliction of emotional distress requires that a plaintiff, "adequately allege that: (1) the defendant's conduct was extreme and outrageous; (2) the defendant either intended to inflict severe emotional distress or knew that there was a high probability that its conduct would do so; and (3) the defendant's conduct actually caused severe emotional distress." *Chang Hyun Moon v. Kang Jun Liu*, 2015 IL App (1st) 143606, ¶ 23. Extreme and outrageous conduct must constitute more than, "mere insults, indignities, threats, annoyances, petty oppressions or trivialities." *Id.* (quoting *Pub Fin. Corp. v. Davis*, 66 Ill.2d 85, 89–90 (1976)).

Defendants are correct that Plaintiffs have not met their burden as to the first requirement of intentional inflection of emotional distress. The Supreme Court of Illinois has held that debtors cannot state a claim for intentional infliction of emotional distress simply because a creditor is attempting to collect from him. The court in *Davis* wrote that, "[a] creditor must be given some latitude to pursue reasonable methods of collecting debts even though such methods may result in some inconvenience, embarrassment or annoyance to the debtor. The debtor is protected only from oppressive or outrageous conduct." *Pub. Fin. Corp. v. Davis*, 66 Ill. 2d 85, 92 (1976). That type of conduct includes the use of "abusive and vituperative language, shouting and

15

railing at the debtor, repeated threats of arrest and ruination of credit, threats to appeal to the debtor's employer to endanger his employment and accusations of dishonesty." *Id.* A creditor is not liable, "where he has done no more than to insist upon his legal rights in a permissible way, even though he is well aware that such insistence is certain to cause emotional distress." *Id.*

Plaintiffs have alleged no facts that come close to the extreme or outrageous conduct outlined by the Illinois Supreme Court in *Davis*. The sole argument in defense of the Plaintiffs' allegations of intentional infliction of emotional distress is that the Heyers have become depressed as a result of conduct of the Defendants, leading to hospitalization and medical bills. However, Plaintiffs do not allege any specific facts articulating what outrageous conduct of the Defendants caused these injuries, if any. They simply rely on their argument that the Proof of Claim filed by FNBC is allegedly fraudulent. Even if that were true, Plaintiffs have still not pleaded that Defendants' conduct included abusive language, threats to their employers or threats to ruin their credit as the *Davis* court articulated. Therefore, Count III of their complaint will be dismissed.

### Count IV. Plaintiffs Have Alleged No Facts to Support Their Allegation of a Conspiracy to Defraud

In Count IV of their adversary complaint, Plaintiffs allege that Defendants "had an implicit, covert agreement to defraud Plaintiffs" with the filing of the allegedly fraudulent Claim No. 6 of FNBC. Once again, the basis for Plaintiffs' allegation is their insistence that the Proof of Claim filed by FNBC is false. A conspiracy is "a combination of two or more persons to accomplish by concerted action an unlawful purpose or a lawful purpose by unlawful means." *Damato v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 878 F. Supp. 1156, 1161-62 (N.D. Ill. 1995). Under Illinois law, in order to state a claim of a conspiracy to defraud, the plaintiff must allege that there is, (1) a conspiracy, (2) an overt act of fraud in furtherance of that conspiracy, and (3) damages to the

16

plaintiff as a result of that fraud. *Id.* That overt act of fraud must meets of the common law elements of fraud as well, meaning that it must be, (1) a false statement of material fact, (2) that is known or believed to false by the party making the statement, (3) with an intention to induce the plaintiff to act, (4) the plaintiff acts in reliance on the truth of the statement, and (5) the plaintiff is damaged as a result of that reliance.

As discussed above, Plaintiffs have not alleged sufficient facts to support their conclusion that FNBC's Proof of Claim was false. Nor did Plaintiffs plead sufficient facts to support their conclusion that Defendants are not entitled to the money they are seeking in their Proof of Claim. Given that proving common law fraud is central to the allegation of conspiracy to defraud, Plaintiffs have clearly not alleged sufficient factual allegations to raise the possibility of relief on this count beyond speculation.

Moreover, even if the Heyers had alleged facts that tended to show Defendants had not been entitled to the exact amount they are seeking in their Proof of Claim, that still would not entitled the Plaintiffs to relief. As the Supreme Court recently ruled in *Midland Funding, LLC v. Johnson*, the definition of "claim" in the Bankruptcy Code was intended, "to adopt the broadest available definition of 'claim.'" 137 S. Ct., 1407, 1412 (2017). Even if a claim is disputed or contingent, that does not mean that it ceases to be a "right to payment" within the meaning of the Code. *Id.* Even an unenforceable claim is still a claim within the meaning of the Bankruptcy Code, even though it is "subject to disallowance. *Id.* Thus, a creditor may file claims for debts that are unenforceable and yet face no liability. *Id.* In *Midland*, a creditor filed a Proof of Claim for a debt that was "time-barred," and could have been subject to disallowance. *Id* at 1412-13. There too, the debtor sued the creditor for filing a "false" proof of claim. *Id.* The Court explicitly stated that there is, "nothing misleading or deceptive in filing a proof of claim" based on an unenforceable debt. *Id.* Rather, a Proof of Claim is merely, "a statement by the creditor that he or she has a right to payment subject to disallowance." *Id* at 1413. That does not make the claim "false." *Id.*

The Proof of Claim in this case is not clearly unenforceable as was that in *Midland*. There, the debt was clearly time-barred. Here, Plaintiffs allege that the claim is false based on a state court order of possession listing a zero deficiency amount. However, as discussed above, Illinois law prevented Defendants from seeking money damages in the eviction suit. Furthermore, Plaintiffs' assertions that part or all of the claim is calculated incorrectly merely gives rise to an opportunity to object to the Proof of Claim.

As the Supreme Court opinion makes clear in *Midland*, it does not support the conclusion that because a claim is disputed, it must therefore be false.

Because Plaintiffs have not alleged sufficient facts to support a fraudulent proof of claim, Count IV of their complaint alleging conspiracy to defraud will be dismissed.

**Count V. Plaintiffs Have Not Plead Sufficient Facts to Support Their Allegation of Fraud**

In Count V of the Plaintiffs' adversary complaint, they allege common law fraud due to Defendants' alleged knowing and intentional misrepresentation of material facts related to the filing of Claim No. 6. Common law fraud is a state law claim, and in Illinois, must be based on some false statement of material fact. *Damato*, 878 F. Supp. At 1161-62 (N.D. Ill. 1995). To allege common law fraud, a plaintiff must show that defendant made (1) a false statement of material fact, (2) that is known or believed to false by the party making the statement, (3) with an intention to induce the plaintiff to act, (4) the plaintiff acts in reliance on the truth of the statement, and (5) the plaintiff is damaged as a result of that reliance. *Id*.

As discussed above, Plaintiffs have not pleaded sufficient facts to conclude that Defendants have made any false statement with regards to their claim. The Plaintiffs once again rely solely on the fact that the state court order of possession indicated that no deficiency existed while ignoring the fact that, pursuant to Illinois law, Defendants could not have sought a money judgment in their forcible entry and detainer action.

Therefore, because Plaintiffs have not alleged sufficient facts to support a fraudulent proof of claim, Count V of their complaint alleging common law fraud will be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss each Count and also their Motion to Dismiss Debtors' Adversary Complaint for lack of standing will be granted. The Plaintiffs' adversary complaint will entirely and finally be dismissed by a separate order.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this ___ day of January, 2018

JAN 17 2018

17 A 00406
Heyer, et al. v. FNBC Bank & Trust, Inc., et al

## CERTIFICATE OF SERVICE

I, Dorothy Clay, certify that on January 17, 2018, I caused to be served copies of the foregoing document to the following by electronic service through the Court's CM/ECF system or regular U.S. mail:

*[signature: Dorothy Clay]*
Judicial Assistant/Deputy Clerk

### Electronic Service through CM/ECF System

| | |
|---|---|
| J Kevin Benjamin, Esq. | Beau T Greiman |
| Theresa S. Benjamin, Esq. | Adam B. Rome |
| Benjamin & Brand LLP | Greiman, Rome & Griesmeyer, LLC |
| 1016 W. Jackson Boulevard | 2 N. LaSalle Street |
| Chicago, IL 60607-2914 | Suite 1601 |
| Counsel for Plaintiffs | Chicago, IL 60602 |
| | Counsel for Defendant |