United States Bankruptcy Court
Northern District of Illinois
Eastern Division

| | |
|---|---|
| In re:<br><br>DAVID J. HEYER and ELLEN J. HEYER,<br><br>Debtors. | Chapter 7<br>Bankruptcy No. 17 BK 04889<br>Honorable Judge Jack B. Schmetterer |
| DAVID J. HEYER and ELLEN J. HEYER,<br><br>Plaintiffs<br><br>v.<br><br>FNBC BANK & TRUST, INC. f/k/a FIRST NATIONAL BANK OF LAGRANGE and ADAM B. ROME, an individual,<br><br>Defendants. | Adversary No. 17 AP 00406 |

## OPINION ON PLAINTIFFS' MOTION TO ALTER OR AMEND JUDGMENT [DKT. NO. 37]

Plaintiffs David J. Heyer and Ellen J. Heyer ("Plaintiffs") move, pursuant to Fed. R. Civ. P. 59, made applicable by Fed. R. Bankr. P. 9023, for an order altering or amending this Court's Opinion [Dkt. No. 34] and Order [Dkt. No. 35], entered on January 17, 2018, entirely and finally dismissing Plaintifs' Adversary Complaint against Defendants FNBC Bank & Trust, Inc. f/k/a First National Bank of LaGrange and Adam B. Rome ("Defendants"). The Court dismissed the adversary with prejudice on the grounds that Plaintiffs lacked standing and that each Count of the complaint failed to state a claim upon which relief may have been granted. Plaintiffs now seek to alter or amend the Opinion and Order so that both are vacated, the Defendants' Motion to Dismiss is denied, and the Adversary Complaint is reinstated.

For the reasons discussed below, Plaintiffs' Motion is granted, but only to the extent that the finality of the Opinion and Order is removed.

## BACKGROUND

Plaintiffs filed their underlying Chapter 11 petition for bankruptcy relief on February 21, 2017. The case was converted to a Chapter 7 by order of this Court on August 7, 2017. FNBC, through its attorney, Adam B. Rome ("Defendants") filed a claim in the case based upon money loaned to the Plaintiffs, secured by liens on the Plaintiffs' residence ("the Property"). The details of the loans are more fully described in the Court's previous Opinion [Dkt. No. 34].

On August 7, 2017, prior to the conversion of the case to Chapter 7, the Plaintiffs initiated the instant adversary proceeding against Defendants, alleging five separate causes of action, asserting that Defendants filed a false proof of claim, that the Defendants violated Fed. R. of Bankr. P.2016(a), that the Defendants inflicted emotional distress upon the Plaintiffs, and that the Defendants committed fraud or conspired to commit fraud against them. Defendant subsequently filed a Motion to Dismiss Debtors' Complaint pursuant to Fed. R. Civ. P. 12(b)(6), arguing that not only did Plaintiffs lack standing to pursue these claims against Defendants in a Chapter 7 case, but also that Plaintiffs failed to state a cause of action for each Count of their complaint. The Motion to Dismiss was fully briefed, and on January 17, 2018, the Court issued its Memorandum Opinion and Order entirely and finally dismissing Plaintiffs' Complaint, both for their lack of standing and due to their failure to state a claim upon which relief may have been granted as to each Count of the Complaint.

Since that decision was issued by this Court, several developments have taken place in the bankruptcy case. First, the Chapter 7 Trustee has issued a report of no assets and no distribution, on December 18, 2017 [Dkt. No. 157]. Moreover, the Trustee has since closed the bankruptcy case and was discharged on December 19, 2017 [Dkt. No. 158].

On January 31, 2018, Plaintiffs filed their instant Motion to Alter or Amend or alternatively Vacate the January 17, 2018 Opinion and Order. Plaintiffs argue that the Court erred in several key respects. First, Plaintiffs rehash their argument that the Court erred in holding that they did not have standing. Once again, Plaintiffs argue that their chance of financial recovery from Defendants meets the requirements articulated in *In re Stinnett*, asserting that removing a $1.8 million dollar claim would be a boon for all other creditors of the estate. As part of their reasoning, Plaintiffs argue that the Court allowing Defendants to amend their proof of claim to attach the relevant notes was inappropriate. The Plaintiffs also argue, seemingly for the first time, that FNBC was not a mortgagee and stood fourth in position of liens on the Property, that the received a deed in lieu of foreclosure subject to all other liens on the Property, and that apparently, the Property has been sold for $850,000.00. The Plaintiffs cite 735 ILCS 5/15-1401 for the proposition that because FNBC accepted a deed in lieu of foreclosure subject to all other claims or liens on the real estate, the Plaintiffs have been personally relieved from liability. Moreover, the Plaintiffs argue that there should be an offset fore other commercial property that FNBC also foreclosed upon and sold. Additionally, the Plaintiffs argue that the no distribution

report and discharge of the Chapter 7 Trustee resulted in a *de facto* abandonment of the allegations in the Complaint. Plaintiffs also argue that the Court erred in determining that *res judicata* did not apply because the deed in lieu of foreclosure accepted by Defendants did not allow them to seek any deficiency. Alternatively, Plaintiffs argue that collateral estoppel should have applied because "the exact issue that is now before the court has been raised and litigated in an earlier action or proceeding." Finally, Plaintiffs argue that judicial estoppel should have been a bar to Defendants claim because pursuant to the Illinois deed in lieu of foreclosure statute referenced earlier, Defendants are not owed any deficiency.

Defendants Responded to the Motion on March 20, 2018, asserting that the Court did not err in the manner articulated by Plaintiffs, and that alteration or amendment of the Opinion and Order is not warranted based on any purportedly new facts plead. Defendants reassert their argument that at no point did FNBC waive its right to collect on the underlying notes. Additionally, Defendants argue that the Plaintiffs have still not overcome their lack of standing due to the bankruptcy case proceeding in Chapter 7. Once again, Defendants state that Plaintiffs have not shown any case law which holds that debtors who filed a pre-conversion adversary complaint have the right to prosecute such a complaint once the case has been converted to Chapter 7. Moreover, Defendants assert that the entire adversary proceeding and attack on its claim have become moot because of the Chapter 7 Trustee's no asset and no distribution report, as the claim is now essentially worthless and all argument regarding the claim's value is now moot. Defendants then go on to address why the Court did not err in its analysis as to each Count of the Complaint. They argue that Plaintiffs never alleged any defense as to authenticity of the notes. Defendants reiterate that FNBC did not take any action to waive its right to collect on those notes. They argue that the deed in lieu of foreclosure received by FNBC does not limit its right to collect against the Heyers personally, and that even if it did, this is a new legal theory proposed by the Plaintiffs which is inappropriate within the context of a motion to alter or amend. Defendants additionally argue that neither *res judicata*, judicial estoppel, nor collateral estoppel applied in this case, and that Court did not err in holding that those doctrines had no application in the current case. Furthermore, Defendants reiterate that even if Plaintiffs had a defense to the notes, they could not sue Defendants for filing a false proof of claim because even unenforceable claims may be filed and subsequently disallowed. Defendants also reiterate that they cannot be sued due to any purported violation of Fed. R. Bankr. P. 2016(a) because the

Bankruptcy Rules do not provide for any private cause of action. Finally, Defendants assert that the Court did not err in holding that Plaintiffs failed to state a cause of action on either their fraud or conspiracy to commit fraud allegations, as there was no plausible basis presented for either allegation.

On April 10, 2018, Plaintiffs filed their Reply. The Plaintiffs once again argue that they have standing due to their pecuniary interest, the basis for which is that if the Defendants' claim were to be disallowed, the estate would receive a meaningful benefit. They also reiterate their argument that because the adversary complaint was filed before the conversion of the case from Chapter 11 to Chapter 7, that somehow continues to confer standing upon them. Moreover, the Plaintiffs argue that despite the large claim of FNBC, they were solvent at the time they filed for bankruptcy. Plaintiffs also argue that the report of no assets and no distribution entered on December 18, 2017 acted as an abandonment of the claims contained in their Complaint, and that they should thus have standing to pursue these allegations. Plaintiffs assert that should the Court consider Defendants' argument that the proof of claim is now moot due to the no asset and no distribution report, that the Opinion and Order should be amended to reflect that it was dismissed for mootness only, and deny the related Motion for Sanctions brought by Defendants. Additionally, Plaintiffs argue that the discussion regarding FNBC's duty to credit them for the alleged sale of the Property is not a new argument and should not be viewed as such. Moreover, Plaintiffs state that they do have a defense to the notes, namely that the deed in lieu of foreclosure accepted by FNBC rendered them unable to seek any deficiency. Additionally, Plaintiffs assert that some of the notes were only signed by one or the other co-debtor, and that acts as a defense for the non-signing co-debtor on any particular note. Plaintiffs repeat their assertion that Defendants have not fully complied with the Bankruptcy Rules because they have not attached all relevant documentation to their claims including workout and security agreements.

## JURISDICTION AND VENUE

Subject matter jurisdiction lies under 28 U.S.C. § 1334. The district court may refer cases arising under title 11 to a bankruptcy judge under 28 U.S.C. § 157, and this matter is referred here by District Court Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue lies under 28 U.S.C. § 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (B). Moreover, Bankruptcy Courts have continuing

jurisdiction to interpret and enforce their own prior orders. *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009).

## DISCUSSION

Plaintiffs' motion to alter or amend judgment is brought pursuant to Fed. R. Bankr. P. 9023, which incorporates Fed. R. Civ. P. 59(e). "To prevail on a Rule 59(e) motion to alter or amend judgment, a party must 'clearly establish' (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) (citing *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006)). This Rule allows the court to correct its own errors and thus avoid the unnecessary appellate procedures. *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995); *Charles v. Daley*, 799 F.2d 343, 348 (7th Cir. 1986). It is not a vehicle for a party to undo its own procedural failures, or allow a party to introduce new evidence that was earlier available but not used, or to advance arguments that could and should have been presented prior to the judgment. *Bordelon v. Chicago Sch. Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000).

Plaintiffs have articulated some newly discovered facts that the Court was not made aware of at the time it issued its Memorandum Opinion and Order. Chief amongst these is the Chapter 7 Trustee's entry of a no asset and no distribution report, the closure of the underlying bankruptcy case, and the discharge of the Chapter 7 Trustee. Moreover, Plaintiffs' arguments regarding the possibility of offsetting an amount equal to the purported sale value of the Property against what Defendants claim they are owed, as well as the assertion based upon Illinois state law that Defendants are not entitled to recovery any deficiency as a result of accepting a deed in lieu of foreclosure, gives this Court some pause as to its previous ruling.

However, as Defendants have correctly pointed out, the Chapter 7 Trustee's entry of a no asset and no distribution report has essentially rendered the claim worthless. *In re Mendiola*, 99 B.R. 864, 867 (Bankr. N.D. Ill. 1989). Thus, any discussion regarding the validity or falsity of Defendants' claim is moot and purely academic.

That being said, there are still questions in this case regarding the validity of the underlying notes and Plaintiffs' entitlement to possible damages resulting from purported miscalculations on the part of FNBC, along with Plaintiffs' allegations that their consent to enter into these notes with Defendants was obtained through some kind of fraud or conspiracy. This

Court need not discuss each of the issues presented by Plaintiffs because they have failed to make the case that a substantive alteration or amendment of the Memorandum Opinion and Order is warranted. The reasoning for dismissal in that Opinion and Order will thus continue to stand.

However, given the Trustee's entry of a report of no assets and no distribution, the closure of the bankruptcy case and the discharge of the Chapter 7 Trustee, this Court has been convinced by Plaintiffs to alter the Opinion and Order in one key respect. While Plaintiffs present a multitude of issues in a manner that is, at times, not particularly clear, these new facts have convinced the Court that the finality of its decision, discussed in both the Opinion and Order, is not currently warranted. Should Plaintiffs wish to dispute FNBC's right to recover a deficiency since it has accepted a deed in lieu of foreclosure or the purported fraud underlying Plaintiffs' decision to enter into the notes – both state law issues perhaps better litigated in state court – it is not clear there is a justifiable reason for preventing them from doing so.

## CONCLUSION

For the foregoing reasons, Plaintiffs Motion to Alter or Amend or alternatively Vacate will be granted by separate order to be entered concurrently herewith, but only to the extent that Plaintiffs' adversary complaint is no longer "entirely" and "finally" dismissed.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this _____ day of May, 2018

MAY 16 2018